**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROBERT ACKERMAN, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>DISCOVER FINANCIAL SERVICES, Inc., a Delaware corporation, DFS FINANCIAL SERVICES, LLC, a Delaware limited liability company, DISCOVER BANK, a Delaware corporation, MORGAN STANLEY, a Delaware corporation and UNIDENTIFIED ENTITIES A through Z, Inclusive,<br><br>Defendants. | Case No.: |

**CLASS ACTION COMPLAINT**

The plaintiff Robert Ackerman ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, Paris Ackerman & Schmierer LLP and Nagel Rice, LLP, hereby brings the within action against Defendants Discover Financial Services, Inc., DFS Financial Services, LLC, Discover Bank, Morgan Stanley and Unidentified Entities A – Z (collectively the "Defendants" or "Discover"). In support thereof, the Plaintiff alleges as follows:

1

# I. INTRODUCTION

1. This is a class action lawsuit brought by, and on behalf of, Discover credit card ("Discover Card") members throughout the country, who were enrolled in the company's "Payment Protection Plan" (the "Plan").

2. Discover is a leading credit card issuer with one of the most recognized brands in U.S. financial services. The company operates the Discover Card, with more than 50 million card members.

3. This matter arises from the deceptive business practices implemented by Discover, its agents, employees, representatives, and affiliates, through which it employs confusing and misleading sales tactics to surreptitiously enroll unwitting Discover Card members ("Card Members") into its costly "Payment Protection Plan" (the "Plan").

4. The Plan is purported to "help safeguard your account payment history by putting your account on hold during the benefit period (durations vary by product) if you experience a covered hardship such as disability, hospitalization or one of the other covered events[1]."

5. The Plan purportedly provides both debt suspension and debt cancellation benefits for a certain fee.

6. If a Card Member is enrolled in the Plan and experiences a covered hardship, certain benefits are purportedly available, including: (i) a hold on monthly payments during the benefit period; (ii) an abatement of periodic finance charges or late fees during the benefit period; and (iii) a complete cancellation of outstanding balances, up to Twenty-Five Thousand Dollars ($25,000.00) in the event of card member death.[2]

---

[1] http://www.discovercard.com/protection-solutions/payment-protection.html (as of April 26, 2010).
[2] Id.

2

7. The Plan is aggressively promoted to Card Members by Discover's sales agents via aggressive scripted telephonic sales pitches, which occur during the enrollment process, subsequent solicitations, or even during client initiated inquiries.

8. The Plan is disingenuously presented as an "optional" benefit to Card Members.

9. In reality, however, Discover's agents use misleading slight-of-hand sales tactics to willfully and knowingly dupe unsuspecting Card Members into unknowingly enrolling in the Plan.

10. Discover knowingly and willfully imposes the Plan feature on the Card Members' accounts without receiving the Card Members' consent or authorization, and then requires the Card Member to take onerous affirmative steps to cancel the Plan.

11. As a result, Card Members, like the Plaintiff herein, are deluded into enrollment, and caused to pay the attendant monthly fee which is a percentage of their rolling balance.

12. Upon the Card Member's request for proof of such enrollment, Discover refuses to provide any such evidence.

13. In addition to the foregoing, the fees charged in connection with the Plan are actually finance charges, as defined under the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq*. (the "TILA").

14. Pursuant to statutory mandate, Discover is required to include these fees in the finance charge section of the Card Members' statement.

15. Instead, Discover surreptitiously disguises such fees as transactions in the Card Members' statement, in blatant violation of the TILA.

16. Additionally, Discover violates Regulation Z, 12 CFR part 226, which was issued to implement the TILA, by failing to itemize and identify the components of such fees.

17. Lastly, Discover attempts to limit its Card Members' ability to vindicate their rights and seek legal redress for this misconduct by including unconscionable procedural impediments such as arbitration provisions and class action waivers within its Card Member Terms and Conditions.

## II. STATEMENT OF FACTS

18. Plaintiff Robert Ackerman ("Ackerman") has been a Card Member since 2001.

19. On or about July 18, 2008, a Discover Card agent telephonically solicited Ackerman to enroll in the Plan.

20. During said solicitation, the Discover Card agent used confusing and high pressure sales tactics in an attempt to convince Ackerman to enroll in the Plan.

21. Still, at no time during the telephonic solicitation, nor anytime thereafter, did Ackerman ever knowingly authorize the agent to enroll him in the Plan.

22. However, unbeknownst to Ackerman at the time, the Discover Card agent deceptively and unilaterally enrolled him in the plan.

23. Ackerman did not knowingly provide authorization or consent for such enrollment.

24. In or about November 2009, while reviewing his monthly Discover Card statement, Ackerman identified a foreign charge referenced as "Payment Protection PPD" under the heading "Other/Miscellaneous."

25. Ackerman was troubled by this finding because he did not knowingly enroll or consent to enrollment in the Plan.

26. Upon further review of his prior monthly Discover Card statements, Ackerman was shocked to learn that he had been charged nearly Three Hundred Dollars ($300.00) in identical fees since August 2008.

27. Upon discovering this injustice, Ackerman immediately contacted Discover customer service to dispute the charges and obtain a full refund of the same.

28. Initially, Discover refused Ackerman's request for a refund, maintaining that enrollment was "acknowledged and authorized by buyer."

29. Ackerman then demanded that Discover provide proof of his purported enrollment in the Plan, requesting an audio recording of the conversation during which he purportedly enrolled, and a written transcript of the same.

30. Discover refused to provide any such proof.

31. Following further contentious debate with the Discover customer service representative, Ackerman was offered a partial refund of merely Twenty-Six Dollars and Eighty Four Cents ($26.84), representing the fees assessed under the Plan in October 2009.

## III. JURISDICTION AND VENUE

32. This Court has original jurisdiction over this matter, under 28 U.S.C.§ 1332(d)(2), as the matter in controversy exceeds Five Million Dollars ($5,000,000.00) exclusive of costs and interest, and is a class action where at least one member of the class of Plaintiffs is a citizen of a State different from any Defendants.

33. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action, in part, arises under the Constitution or laws of the United States.

34. This Court has personal jurisdiction over Defendants named herein because Defendants are registered to do business in New Jersey and are registered with the New Jersey Secretary of State, or transact sufficient business in New Jersey, have sufficient minimum contacts with New Jersey or otherwise intentionally avail themselves of the markets within New Jersey through issuing credit cards, offering credit card products such as Payment Protection, and

5

because Discover sends monthly statements and sells products and services in New Jersey to New Jersey residents rendering the exercise of jurisdiction by the New Jersey courts permissible under traditional notions of fair play and substantial justice.

35. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that: (i) this is the District in which a substantial part of the events or omissions giving rise to the claims hereinafter set forth occurred, and (ii) Plaintiff Ackerman is a resident of East Brunswick, New Jersey.

36. To the extent that there are any contractual prohibitions or other purported impediments to pursue these claims on a class action basis, Plaintiff specifically alleges, and will prove, if necessary that any such bar is unconscionable, unfair and against the public policy of the State of New Jersey.

## IV. PARTIES

37. Plaintiff Ackerman was at all times relevant hereto, a New Jersey resident and a Card Member who was unknowingly enrolled into the Plan, and caused to unjustly pay fees for said enrollment.

38. Defendant DFS Services LLC, ("DFS") formerly known as Discover Financial Services LLC, is a limited liability company duly organized and existing under the laws of the State of Delaware. DFS transacts substantial business within the state of New Jersey.

39. Defendant Discover Financial Services, Inc., ("DFI") is a corporation duly organized and existing under the laws of the State of Delaware, and the sole member of the limited liability company DFS.

40. Defendant Discover Bank ("DB") is a corporation duly organized and existing under the laws of the State of Delaware and a wholly owned subsidiary of DFI.

41. Defendant Morgan Stanley is a corporation duly organized and existing under the laws of the State of Delaware. During all relevant times prior to June 24, 2007, Defendant

Morgan Stanley was the parent corporation of DFI. As such, Defendant Morgan Stanley is responsible for the actions and wrongdoings of Defendant DFI that took place prior to June 30, 2007.

42. The true names and capacities, of the Defendants named as UNIDENTIFIED ENTITIES A through Z, inclusive, are unknown to Plaintiff and the Putative Class who, therefore, sue those Defendants by such fictitious names. Plaintiff and the Putative Class are informed and believe and thereon allege that each of the Defendants sued herein as UNIDENTIFIED ENTITIES A through Z are and were affiliates, subsidiaries, or other related entities of each and every other Defendants and were at all relevant times acting within the course and scope of such agency and affiliation, and/or are legally responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby to Plaintiff and the Putative Class as alleged herein. Plaintiffs will seek to amend this Complaint to allege the true names and capacities of such Defendants when ascertained.

## V. CLASS ACTION ALLEGATIONS

43. This action is brought as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b) on behalf of the Plaintiff named above and all others similarly situated. The class is defined as:

> All United States Citizens (including persons and business entities) that were fraudulently enrolled in the Discover Card Payment Protection Plan during the longest period permitted by the applicable statutes of limitations. Excluded from the Class are the officers, directors and employees of Defendants and their respective legal representatives, heirs, successors and assigns.

44. **Numerosity**: Members of the Class are so numerous that their individual joinder is impractical. The precise identities, number, and addresses of members of the Class are unknown to the Plaintiff, but may and should be known with proper and full discovery of Defendants, third-parties, and their respective records. All Class members pray for money

7

damages, temporary and permanent injunctive relief, and declaratory relief because the parties opposing the Class have acted on grounds generally applicable to the Class, thereby making appropriate injunctive relief to the class as a whole.

45. **Existence of Common Questions of Fact and Law:** There is a well-defined commonality and community of interest in the questions of fact and law affecting the members of the Class. The common questions of fact and law include, among other things:

  (a)   Whether and to what extent Discover's' business practices and conduct violate Delaware law;

  (b)   Whether Discover is a "Person," as defined under the Delaware Consumer Fraud Act (the "DCFA") 6 Del. C. §2511 (7);

  (c)   Whether the Plan is "Merchandise" as defined under DCFA 6 Del. C. §2511(6);

  (d)   Whether the deceptive solicitation and sales pitch employed by Discover's agents to offer and sell the Plan to Card Members is an "Advertisement" as defined under DCFA 6 Del. C. §2511 (1);

  (e)   Whether Discover's conduct, as complained of herein, involved deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission;

  (f)   Whether Discover's conduct, as complained of herein, constitutes "unfair or deceptive merchandising practices in the conduct of any trade or commerce" as defined under DCFA 6 Del. C. §2512 and proscribed in DCFA 6 Del. C. §2513;

8

(g) Whether Plaintiff and the putative class members sustained damages as a result of Discover's conduct, as complained of herein;

(h) Whether Defendants' practices violated TILA, 15 U.S.C. § 1601, *et seq*.

(i) Whether Defendants' practices violated Regulation Z, 12 CFR part 226;

(j) Whether the arbitration provision in the Discover Card "Terms & Conditions" is unconscionable and unenforceable;

(k) Whether the class-action prohibition provision in the Discover Card "Terms & Conditions" is unconscionable and unenforceable; and

(l) Whether Plaintiff and the Putative Class are entitled to recover compensatory, exemplary, treble, statutory or punitive damages based on the Defendants' fraudulent and illegal conduct or practices.

46. **Typicality**: Plaintiff is a member of the Putative Class. The Plaintiff's claims and the claims of the Putative Class have a common origin and share common bases. Their claims originate from the same deceptive and fraudulent practices of the Defendants, and the Defendants act and have acted in the same way toward the Plaintiff and the Class members. If brought and prosecuted individually, the claims of each Putative Class member would necessarily require proof of the same material and substantive facts, rely upon the same remedial theories, and seek the same relief.

47. **Adequacy**: Plaintiff is an adequate representative of the Putative Class because his interests do not conflict with the interests of the members of the Putative Class he seeks to represent. Plaintiff has retained competent counsel, and intends to prosecute this action vigorously. Plaintiff's counsel will fairly and adequately protect the interests of the members of the Putative Class.

48. This lawsuit may be maintained as a class action pursuant Federal Rule of Civil Procedure 23(b)(2) because Plaintiff and the Putative Class seek declaratory and injunctive relief, and all of the above factors of numerosity, common questions of fact and law, typicality and adequacy are present. Moreover, Defendants have acted on grounds generally applicable to Plaintiff and the Putative Class as a whole, thereby making declaratory and/or injunctive relief proper and suitable remedies.

49. This lawsuit may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3) because questions of fact and law common to the Class predominate over the questions affecting only individual members of the Class, and a class action is superior to other available means for the fair and efficient adjudication of this dispute. The damages suffered by each individual class member may be disproportionate to the burden and expense of individual prosecution of complex and extensive litigation to proscribe Defendants' conduct and practices. Additionally, effective redress for each and every class member against Defendants may be limited or even impossible where serial, duplicate, or concurrent litigation occurs arising from these disputes. Even if individual class members could afford or justify the prosecution of their separate claims, such an approach would compound judicial inefficiencies, and could lead to incongruous and conflicting judgments against Defendants.

## COUNT I
## DELAWARE CONSUMER FRAUD ACT
## 6 DEL. C. § 2511 et seq.

50. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

51. Discover is a "Person" as contemplated by the DCFA.

52. Discover's Payment Protection Plan is a service, and therefore qualifies as "Merchandise" as contemplated by the DCFA.

53. The solicitations and sales pitches employed by Discover's agents, to offer and sell the Plan to Card Members are "Advertisements" as defined under DCFA 6 Del. C. §2511

54. As alleged with specificity herein, Defendants employed deception, fraud, false pretense, false promise, misrepresentation, and the concealment, suppression, and/or omission of material fact with intent that Plaintiff and the Putative Class rely upon such concealment, suppression or omission in their relationship with Plaintiff and the Putative Class.

55. As alleged with specificity herein, Defendants, through their sales pitches and solicitations, have employed deception, fraud, false pretenses, false promises, and misrepresentations in connection with the offer for sale of the Plan.

56. As alleged with specificity herein, Defendants engaged in the concealment, suppression and omission of material facts, with the intent that Plaintiffs and the Putative Class would rely upon such concealment, suppression or omission, regarding Discover's Payment Protection Plan.

57. Discover fraudulently and deceptively caused Plaintiff and the Putative Class to enroll in the Discover Payment Protection Plan without obtaining consent or authorization to do so, resulting in damages in an amount to be determined at trial.

58. As a result of Defendants' deceptive and fraudulent business practices complained of herein, Plaintiff and the Putative Class members, were unknowingly enrolled in the Plan and caused to pay the attendant monthly fees for the same.

59. Discover Card Members including the Plaintiff and the Putative Class, were injured by Discover's misrepresentations and omissions, and sustained damages in an amount to be proven at trial.

60. Plaintiff's and the Putative Class's damages are comprised of the monthly fees paid for services provided under the Plan.

## COUNT II
## UNJUST ENRICHMENT

61. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

62. To the detriment of Plaintiff and the Class, Defendants have been, and continue to be, unjustly enriched as a result of their wrongful conduct alleged herein.

63. Plaintiff and the Class conferred a benefit on Defendants when Defendants enrolled Plaintiff and Class Members in the Plan without their knowledge and/or consent.

64. Defendants unlawfully accepted said benefits, which under the circumstances, would be unjust to allow Defendants to retain.

65. Plaintiff and the Class Members, therefore, seek disgorgement of all wrongfully obtained profits received by Defendants as a result of their inequitable conduct.

## COUNT III
## VIOLATION OF TRUTH IN LENDING ACT 15 U.S.C. §1601 et seq.

66. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

67. Throughout the relevant time period, Defendants have sold the credit services at issue herein to individuals in this District, this State, and nationwide, engaging in significant interstate commerce.

68. The purpose of the Truth in Lending Act of 1968, as amended, 15 U.S.C. 1601, et seq., and Regulation Z, 12 CFR part 226, is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a); 12 C.F.R. 226.1(b). TILA requires all solicitations for the extension of credit to clearly, conspicuously and in readily understood

language disclose the terms of the commitment that the offeror, Discover in this case, is extending to the consumer.

69. Congress delegated authority for the implementation of the Truth-in-Lending Act to the Federal Reserve Board (the "Board"). 15 U.S.C. § 1604. The Board promulgated Regulation Z, which is the Truth-in-Lending Act's implementing regulation. 12 C.F.R. §§ 226 et seq.

70. Defendants' failure to disclose (in its applications, solicitations, billing statements or otherwise) that the fee charged in accordance with the Plan is a finance charge, violated sections 1605 and 1637 (b)(4) of the TILA and Regulation Z.

71. Defendants are liable to Plaintiff and the members of the Putative Class, who seek damages pursuant to the applicable provisions under the TILA and Regulation Z, including without limitation, 15 U.S.C. section 1640, as follows: a) actual damages resulting from Defendants' improper and illegal practices; b) the lesser of $500,000 or 1 percent of the net worth of Defendants; and c) costs and reasonable attorneys' fees.

## COUNT IV
## DECLARATORY JUDGMENT

72. Plaintiff repeats and realleges each of the foregoing paragraphs of this Complaint as if set forth in full.

73. An actual and justiciable controversy exists between Defendants and Plaintiff concerning the parties' respective rights and obligations under the "Terms and Conditions" and whether the class action prohibition within the arbitration provision of those "Terms and Conditions" is unconscionable.

74. The inclusion of such an onerous provision in the adhesive form "Terms and Conditions" is unconscionable violating New Jersey public policy and therefore renders the "Terms and Conditions" void and unenforceable.

13

75. Plaintiff is therefore entitled to a declaration from this Court that the "Terms and Conditions" entered into by Plaintiff, and others similarly situated, are void and unenforceable. Alternatively, Plaintiff asks this Court to strike those provisions that are unenforceable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks the following relief:

(a) An Order certifying the proposed Class herein and appointing Plaintiff and the undersigned counsel of record to represent the Class;

(b) An Order rescinding the Plan enrollment of each and every Plaintiff and member of the Class based on Defendants' deceptive misconduct as complained of herein, or, alternatively, damages for said fraud;

(c) An Order issuing a preliminary injunction enjoining Defendants and all others, known and unknown, from continuing to take illegal action as set forth in this Complaint;

(d) An Order issuing a permanent injunction enjoining Defendants and all others, known and unknown, from continuing to take illegal action as set forth in this Complaint;

(e) An Order declaring the "Terms and Conditions" entered into by each and every Plaintiff and member of the Class unconscionable, and, therefore, unenforceable; or, in the alternative,

(f) An Order severing the portions of the "Terms and Conditions" which the Court deems unconscionable and unenforceable, and enforcing the remaining valid portions of the "Terms and Conditions".

(g) A Judgment awarding Plaintiff and the Class compensatory, consequential,

14

and statutory damages, including, without limitation, the loss of monies paid to Discover as fees derived from enrollment in the Plan, pre-judgment interest and post-judgment interest;

(h) A Judgment awarding Plaintiff and the Class exemplary and punitive damages;

(i) A Judgment for actual damages for injuries suffered by Plaintiff and the members of the proposed Class as a result of Defendants' violation of TILA and Regulation Z;

(j) A Judgment awarding Plaintiff and the Class reasonable attorneys' fees and costs of this action; and

(k) Such other and further relief as this Honorable Court finds just and proper under the circumstances.

## JURY DEMAND

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: April 26, 2010

                                    **PARIS ACKERMAN & SCHMIERER LLP**

                                    By:     *s/ David S. Paris*
                                             David S. Paris, Esq.
                                             Ross H. Schmierer, Esq.
                                             101 Eisenhower Parkway
                                             Roseland, New Jersey 07068
                                             (T): (973) 228-6667
                                             (F): (973) 629-1246

Case 2:03-cv-10904-AP Document 876 Filed 04/26/19 Page 16 of 16

**NAGEL RICE, LLP**

By:    *s/ Bruce H. Nagel*
       Bruce H. Nagel, Esq.
       Jay J. Rice, Esq.
       103 Eisenhower Parkway
       Roseland, New Jersey 07068
       (T): (973) 618-0400
       (F): (973)